# OCTAVIUS LUMAGHI

*v.*

# SEBASTIAN NEUBER.

CONTRACT—*services—promise to pay—employee of contractor.* The defendant employed a party to sink a shaft for him, and such other party employed the plaintiff as a laborer to assist. Afterwards the defendant, who was furnished with the account of the time, promised the plaintiff to pay him his wages, paid him a portion, and wrote an order on himself for the whole amount for the contractor to sign, which was afterwards done: *Held,* that the defendant was clearly liable to the plaintiff on his promise, and that it was his duty to retain such amount from the contractor on a settlement with him, whether such order was signed or not.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a suit by Sebastian Neuber, against Octavius Lumaghi, to recover for services and upon an order drawn upon him by Henry James.

It appeared that the defendant employed James to sink a shaft for him, and that James employed the plaintiff. The plaintiff was about to quit, when the defendant promised to pay him $69.50, the amount then due him, and paid him $35, and gave him an order for James to sign, authorizing the payment of the whole sum. This order was not signed until some six weeks afterwards, and the defendant then refused to pay the balance.

A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $34.50, from which the defendant appealed.

Messrs. DALE & BURNETT, for the appellant.

Mr. DAVID GILLESPIE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents a clear case for appellee. He did the work, the benefit of which accrued to appellant, and for which appellant promised to pay him. After the first of July, the payments were all made by appellant. He had the time accounts, and could know precisely the extent of each laborer's claim. When appellee presented his claim for sixty-nine dollars and a half, appellant did not dispute it, but, on the contrary, admitted it, and paid thirty-five dollars on it, promising, at the same time, to pay the balance when James should sign the order. No time was specified when the signature of James, to the order which appellant had himself drawn, should be obtained, but the law would require that it should be done in a reasonable time. But it made no difference to appellant when it was signed, for, knowing his promise was out to pay appellee, it was his business to retain that much out of the amount going to James on the settlement with him. His failing to do so should not prejudice appellee. His claim has never been disputed. There is some conflict between appellant's testimony and that of appellee, but we think there is a great preponderance of evidence on the side of appellee, and the jury did right in giving to him the verdict.

The judgment is affirmed.

*Judgment affirmed.*